J-S83036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ROBERT WILLIAM DIBBLE, | |
| Appellee | No. 594 WDA 2016 |

Appeal from the Order March 28, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000583-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and STRASSBURGER,[*] JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:      **FILED JANUARY 27, 2017**

I respectfully dissent.  After review, I conclude that the trial court erred in failing to rule on the petition for writ of *habeas corpus*.  This error was compounded by the trial court sanctioning the Commonwealth by adding the "with prejudice" language to the order granting the *nolle prosequi*, effectively dismissing the charges against Dibble.

While I do not condone the Commonwealth's failure to obtain proper documentation from New York, I cannot agree that this amounted to prosecutorial misconduct warranting dismissal of the charges while there was a pending *habeas corpus* petition.  Even if the trial court had granted Dibble's *habeas corpus* petition, the Commonwealth would have been

---

[*] Retired Senior Judge assigned to the Superior Court.

permitted to "refile the charges and present additional evidence at a new preliminary hearing in order to correct the evidentiary deficits that existed in the prosecution of the first complaint." ***Commonwealth v. Claffey***, 80 A.3d 780, 789-790 (Pa. Super. 2013) (citation omitted). Instead, the trial court's extreme sanction gives Dibble a windfall and bars the Commonwealth from pursuing the charges. I cannot agree that this is an issue of form over substance, and I would reverse the order granting the *nolle prosequi*.